IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnson Thomas, | ) C/A No. 0:08-2847-PJG |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| Michael J. Astrue, Commissioner of Social Security, | ) |
| Defendant. | ) |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 DSC and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff, Johnson Thomas ("Thomas"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB").

**ADMINISTRATIVE PROCEEDINGS**

On October 21, 2005, Thomas applied for DIB, alleging disability beginning September 30, 2005. (Tr. 41-44.) Thomas's application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). (Tr. 38-39, 51-52.) A hearing was held on January 16, 2008, at which Thomas, who was represented by counsel, appeared and testified. (Tr. 16-37.) The ALJ issued a decision on February 29, 2008 denying benefits and concluding that Thomas was not disabled because he retained the residual functional capacity ("RFC") to perform the full range of medium work, allowing him to perform past relevant work. (Tr. 9-15.)

Thomas was sixty-three years old at the time of the ALJ's decision. (Tr. 19.) He completed the seventh grade in school and has some difficulty reading, spelling, and writing. (Tr. 19-20.) Thomas has past work experience as a heavy equipment operator. (Tr. 20-21.) Thomas alleges disability since September 30, 2005 due to a shoulder injury, bi-lateral carpal tunnel syndrome, diabetes, and high blood pressure. (Tr. 96.)

The ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

2. The claimant has not engaged in substantial gainful activity since September 30, 2005, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*)

3. The claimant has the following severe impairments: status post cervical injury, degenerative disc disease, carpal tunnel syndrome, obesity, diabetes mellitus, and hypertension (20 CFR 404.1520(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of medium[1] work as defined in 20 CFR 404.1567(c).

\* \* \*

6. The claimant is capable of performing past relevant work as a heavy equipment operator. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

\* \* \*

---

[1] Medium work is described by the Commissioner of the Social Security Administration as requiring lifting and carrying 50 pounds occasionally and 25 pounds frequently as well as an ability to stand for 6 hours in an 8-hour workday, walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday.



> 7. The claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2005 through the date of this decision (20 CFR 404.1520(f)).

(Tr. 11-15.)

On July 15, 2008, the Appeals Council denied Thomas's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) Thomas filed this action on August 13, 2008.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972). The regulations require the ALJ to consider, in sequence:

> (1) whether the claimant is engaged in substantial gainful activity;
>
> (2) whether the claimant has a "severe" impairment;
>
> (3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;
>
> (4) whether the claimant can perform his past relevant work; and
>
> (5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig,

PJG

76 F.3d at 589. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775 (4th Cir. 1973).

## ISSUES

In his brief, Thomas raises only one general issue: "whether or not the Commissioner erred in finding that the Plaintiff was not disabled." (Pl.'s Br. at 1, Docket Entry 22.) However, a review of the plaintiff's arguments reveals that Thomas essentially contends that the ALJ erred in (1) improperly evaluating Thomas's subjective complaints of pain, (2) discounting the opinion of Thomas's treating nurse practitioner, Rebecca Harlan, (3) failing to make specific findings as to the physical and mental demands of plaintiff's past relevant work, and (4) failing to comply with Social Security Ruling ("SSR") 02-01p. Thomas contends that these alleged errors caused the ALJ to incorrectly determine that Thomas retained the RFC to perform medium work and could return to his past relevant work. (Pl.'s Br., Docket Entry 22.)

## DISCUSSION

**A.    Thomas's Credibility**

Thomas first alleges that the ALJ incorrectly assessed Thomas's credibility. In evaluating subjective complaints of pain, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). In this matter only the second step is

PJG

at issue,[2] during which the ALJ must expressly consider "the intensity and persistence of the claimant's pain and the extent to which it affects [his] ability to work" Id.

In applying the second step, the ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible to the extent they are inconsistent with the residual functional capacity assessment." (Tr. 13.) Thus, the issue is whether the ALJ properly evaluated Thomas's subjective complaints regarding the intensity and persistence of his pain and the extent to which it affects his ability to work. See Craig, 76 F.3d at 594. In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints of pain itself or its severity "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers." Id. Further, "[i]n analyzing a claimant's

---

[2] The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (internal quotation omitted).



subjective complaints, such as pain, an ALJ must consider: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the condition; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions." Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (citing Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)).

In this case, the ALJ expressly considered several factors in discounting the credibility of Thomas's subjective complaints of pain, including not only Thomas's testimony but also the medical and non-medical evidence. (Tr. 12-13.) Specifically, the ALJ noted with regard to Thomas's alleged inability to sit or walk more than thirty minutes at a time that (1) Harlan, Thomas's nurse practitioner, indicated in 2006 that Thomas could sit for three hours and stand/walk for two hours; (2) Dr. Leverne Fox, Thomas's cardiologist, indicated in 2006 that Thomas was in no apparent distress with normal musculoskeletal, neurological, and strength exams; (3) the record contained numerous references to Thomas's ability to return to work; (4) Thomas indicated that he treated his pain with warm baths and over-the-counter medications; (5) the record indicated very little medical treatment; and (6) Thomas testified that he was capable of performing daily activities, including walking up to one hour per day, household chores, and mowing his lawn with a push mower. (Tr. 13.)

In arguing that the ALJ erred in discounting Thomas's credibility, Thomas challenges the reasons articulated by the ALJ. First, Thomas contends that the ALJ misconstrued Harlan's opinion in that Harlan indicated that Thomas could only sit three hours *total* and stand or walk two hours *total* in an eight hour day, which is consistent with Thomas's testimony. (Pl.'s Br. at 12, Docket Entry 22.) Second, Thomas argues that the references in the record stating that Thomas was able to

return to work all predate the alleged onset date. (Id. at 12-13.) Third, Thomas contends that his use of hot baths and over-the-counter medications enhances his credibility as it, as well as his treatment records, demonstrates persistent efforts to obtain pain relief. (Id. at 13) (citing SSR 96-7p). Fourth, Thomas contends that the ALJ improperly discredited Thomas's lack of medical treatment without considering his explanations for the lack of treatment. (Id. at 13-14.) Finally, Thomas asserts that the ALJ mischaracterized his daily activities, arguing that his activities are more limited than the ALJ described them. (Id. at 14-15.)

The court has reviewed the record and finds that the ALJ conducted a proper analysis in determining the credibility of Thomas's subjective complaints of pain. See Craig, 76 F.3d at 595; Gowell, 242 F.3d at 796. For example, while Thomas alleges that the use of hot baths and over-the-counter medications enhances his credibility, "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling." Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). With regard to Thomas's lack of medical treatment, Thomas did testify that he had trouble seeing a doctor lately due to the fact that he was unable to obtain health insurance and did not have enough money to go to his regular doctor. (Tr. 32.) However, Thomas also stated that he has not tried to find a less expensive doctor or sought treatment from a free clinic. (Tr. 32-33.) Further, Thomas indicated that he is still receiving refill prescriptions from the nurse practitioner, Harlan, who works at his treating physician's office. (Tr. 33.) Moreover, a review of Thomas's medical records indicates that his treatment remained conservative and that none of Thomas's doctors has indicated that Thomas is disabled. Finally, a review of Thomas's testimony indicates that the ALJ properly characterized his daily activities. For example, Thomas stated that he mows the lawn with a push

mower for exercise and stops after thirty minutes due to the heat. While Thomas agreed that his back is sore after mowing, he also testified that he feels "a little better" after mowing. (Tr. 34-35.)

Therefore, in determining that Thomas's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible, the record reveals that the ALJ considered Thomas's subjective complaints of disabling pain in conjunction with his abilities to perform daily activities and the medical evidence. Further, there is substantial evidence supporting the ALJ's finding that Thomas's complaints regarding the effects of his symptoms are inconsistent with the record. See Gross, 785 F.2d at 1166 (noting that "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling"); Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (noting that the absence of ongoing medical treatment can discredit a claimant's allegations); see also Hines, 453 F.3d 565, n.3 (noting that a claimant's allegations of pain "need not be accepted to the extent that they are inconsistent with available evidence . . . ."). Accordingly, the court may not substitute its judgment for the ALJ's. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence).

**B.     Nurse Practitioner Harlan**

Thomas also alleges that the ALJ improperly gave Harlan's opinion little weight. Harlan worked as a nurse practitioner for Dr. Kevin Sattele, Thomas's treating physician. In June 2006, Harlan opined that Thomas suffered from extreme functional limitations. (Tr. 308.) Thomas contends that if all of Harlan's opinions were accepted as true, the ALJ would have found him

disabled. The ALJ found, however, that Harlan's opinion was entitled to minimal weight because it was not supported by the medical evidence. Specifically, the ALJ observed that Harlan's opinion was inconsistent with an August 2006 report from Dr. Fox, which indicated that Thomas retained 5 out of 5 motor strength throughout, and with radiological testing that "has routinely shown only mild degenerative changes and stenosis." The ALJ also noted that Harlan was a nurse, rather than a physician. (Tr. 14).

An ALJ may consider evidence from other medical sources, including nurse practitioners, to show the severity of a claimant's impairments and how it affects a claimant's ability to work. 20 C.F.R. § 404.1513(d). Relying on the fact that the ALJ used a portion of Harlan's opinion to discount Thomas's credibility, Thomas argues that the ALJ failed to provide sufficient reasons for reducing the weight given to Harlan's opinion pursuant to 20 C.F.R. § 404.1527(d)(2) and SSR 96-2p. In making this argument, Thomas appears to assert that Harlan's opinion is an opinion from a treating source. The Commissioner disputes that Harlan is a "treating source" as defined by 20 C.F.R. § 404.1502, in that there is no indication that Harlan ever treated or examined Thomas. However, even assuming that Harlan was a treating source, the ALJ's decision is properly supported.

In arguing that Harlan's opinion is entitled to more weight, Thomas fails to direct the court to any specific medical records that would support Harlan's opinions. As observed above, Thomas has received conservative treatment and relied on hot baths and over-the-counter medications for pain. Thomas's medical records fail to reflect that any treating physician found the degree of functional limitations noted by Harlan. Further, Harlan's opinion that Thomas would miss more than four days per month due to his impairments or treatment explicitly notes "per patient." (Tr. 308.) Moreover, the medical records contain no diagnosis of right leg sciatica or a ruptured disc, two of

PJG

the conditions upon which Harlan expressly based her opinion. Accordingly, upon review of the record and the parties' arguments, the court finds that the ALJ's decision is supported by substantial evidence. See, e.g., Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.").

**C.    SSR 02-01p**

Thomas contends that the ALJ failed to properly consider Thomas's obesity as required by SSR 02-01p. Thomas fails to provide any support for this argument. Moreover, upon review of the ALJ's decision, the court observes that the ALJ discussed Thomas's obesity in detail. Specifically, the ALJ stated the following:

> After a thorough review of the evidence of record, I find that the claimant's obesity has not had more than a minimal effect upon his ability to perform work activity. While the claimant has been assessed with obesity with an average weight in excess of 220 pounds and a body mass index (BMI) of 35 or greater, which represents "extreme" obesity, treatment notes reveal that the claimant despite his obesity, he was able to move about generally well and sustain consistent function. There is no showing that the claimant suffered from significant sleep apnea, fatigue, or heart disease. The medical evidence also fails to indicate that the claimant's ability to manipulate had been negatively impacted by the presence[ ] of adipose tissue. After a thorough review of the evidence of record, I find that the claimant's obesity has not had a negative effect upon the claimant's ability to perform routine movement beyond the residual functional capacity [for medium work] or upon his ability to sustain function over an 8-hour day.

(Tr. 15.) Therefore, Thomas has failed to demonstrate that the ALJ's decision is not supported by substantial evidence.

**D.    Residual Functional Capacity and Past Relevant Work**

Thomas contends that based on the above alleged errors, the ALJ's decision that Thomas retained the RFC to perform medium work is not supported by substantial evidence. For the reasons

PJG

stated above, Thomas has failed to demonstrate any errors in the ALJ's decision; therefore, this argument is without merit.

Thomas further argues that the ALJ erred in determining that Thomas could return to his past relevant work as a heavy equipment operator. In support of this contention, Thomas points out that SSR 82-62 requires an ALJ to make three specific findings of fact in determining whether an individual has the capacity to perform past relevant work:

1. A finding of fact as to the individual's RFC;
2. A finding of fact as to the physical and mental demands of the past job; and
3. A finding of fact that the individual's RFC would allow him to return to his past job.

(Pl.'s Br. at 17, Docket Entry 22.) Thomas argues that the ALJ failed to comply with the second requirement pertaining to the physical and mental demands of Thomas's past relevant work. A review of the ALJ's decision reveals that he found that Thomas "has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c)." (Tr. 12.) Further, the ALJ determined that Thomas's past relevant work was as a heavy equipment operator (DOT # 955.463-010) and the Dictionary of Occupational Titles ("DOT") describes this work as "medium exertional work." (Tr. 15.) Finally, the ALJ stated that "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed." (Id.)

Thomas appears to allege that these findings were insufficient to constitute specific findings as to the physical and mental demands of Thomas's past relevant work as required by SSR 82-62. Evidence of the physical and mental requirements of a particular job may be found in the DOT. See 20 C.F.R. § 404.1566 (providing that the DOT is a source of reliable job information); Deloatche

v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983) (holding that "the [Commissioner] may rely on the general job categories of the [DOT] as presumptively applicable to a claimant's prior work"); see also Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (observing that ALJs routinely rely on the DOT "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy") (citations omitted). In this case, the court finds that the ALJ provided specific findings of fact as to the physical and mental demands of Thomas's past relevant work by providing the exact DOT number and name of his past relevant work. Moreover, even if the ALJ's failure to specifically enumerate the physical and mental requirements within the text of the opinion is error, it is harmless. The only evidence in the record, (Tr. 105, 108), supports the finding that the physical and mental demands of Thomas's past relevant work are equivalent to that of a heavy equipment operator (DOT # 955.463-010) and Thomas has failed to provide any argument to the contrary. See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (affirming denial of benefits where the ALJ erred in evaluating a claimant's pain because "he would have reached the same result").

**ORDER**

For the foregoing reasons, the court finds that the Commissioner's decision was supported by substantial evidence and reached through application of the correct legal standard. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). The Commissioner's decision is therefore affirmed.

**IT IS SO ORDERED.**

March 3, 2010  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE